UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

AUG 1 9 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

BENJAMIN R. JOHNSON,
#1084315,

        Petitioner,

v.

                                      Case No. 2:11cv24

DANIEL A. BRAXTON,
Warden,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

On August 29, 2006, Petitioner, Benjamin R. Johnson ("Johnson"), was sentenced in the Henrico County Circuit Court to life imprisonment after being convicted of first degree

murder. Commonwealth v. Johnson, No. CR06-907-00F (Va. Cir. Ct. Aug. 23, 2007). Johnson appealed his conviction to the Virginia Court of Appeals on September 27, 2006, alleging that insufficient evidence had been presented to support his conviction. Johnson v. Commonwealth, No. 2894-06-2, (Va. Ct. App. May 25, 2007). On March 14, 2007, a judge of the Court of Appeals found that sufficient evidence had been presented, and upheld his conviction. On May 25, 2007, a three-judge panel affirmed. Johnson did not appeal his conviction to the Supreme Court of Virginia.[1] On August 23, 2007, the Henrico County Circuit Court issued an order acknowledging the Court of Appeals ruling and affirming its own decision.

On January 22, 2009, Johnson petitioned the Supreme Court of Virginia for a writ of habeas corpus. Johnson v. Warden, No. 090318 (Va. Apr. 16, 2009). The Supreme Court of Virginia dismissed the petition as not timely filed, citing Va. Code § 8.01-654(a)(2). Id.

On December 23, 2009, Johnson submitted a second state petition for a writ of habeas corpus, this time to the Henrico County Circuit Court. The petition was denied on June 7, 2010, on the grounds that 1) the petition was time-barred under Va.

---

[1] Johnson states in his petition that he did appeal his conviction to the Supreme Court of Virginia. ECF No. 5, at 2. However, he cites to case number "090318", which is the case number of his first state habeas petition, not a direct appeal.

2

Code. § 8.01-654(a)(2), and 2) the petition was barred under Va. Code § 8.01-654(b)(2), which prohibits re-litigating issues that were or could have been litigated in a previous habeas proceeding. Johnson v. Braxton, No. CL10-515 (Va. Cir. Ct. Jun. 7, 2010). On June 26, 2010, Johnson filed a third state petition for a writ of habeas corpus, again to the Supreme Court of Virginia. The Supreme Court denied the habeas petition on the same grounds as the Henrico County Circuit Court, citing Va. Code. §§ 8.01-654(a)(2) and (b)(2). Johnson v. Warden, No. 101782 (Va. Nov. 3, 2010).

## B. The Instant Petition

On December 1, 2010,[2] while in the custody of the Virginia Department of Corrections at Augusta Correctional Center, Johnson executed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On May 27, 2011, Respondent filed his Rule 5 Answer, a Motion to Dismiss accompanied by a supporting brief, and a Roseboro Notice pursuant to Local Rule 7(K). ECF Nos. 15-18. On July 21, 2011, Johnson filed a Response to the Motion to Dismiss, in which he requested an evidentiary hearing. ECF No. 21.

---

[2] Johnson did not date his original petition. ECF No. 1, at 33. However, the petition was submitted with a cover letter dated December 1, 2010, and was postmarked on December 30, 2010. ECF No. 1, Attach. 2-3. The Court assumes, without deciding, that the petition was executed on December 1, 2010. This is the earliest date of execution the Court could find for purposes of the statute of limitations.

## C. <u>Grounds Alleged</u>

Johnson asserts that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

1.  The Supreme Court of Virginia violated the <u>ex post facto</u> clause of the Constitution on November 3, 2010, when it ruled that Johnson's third state petition for habeas corpus relief was barred by procedural rules not in effect in 1977, when Johnson committed the crime for which he was convicted.

2.  The Supreme Court of Virginia violated the <u>ex post facto</u> clause of the Constitution on April 16, 2009, when it ruled that Johnson's first state petition for habeas corpus relief was barred by procedural rules not in effect in 1977.

3.  Johnson's due process rights were violated when his direct appeal was denied based on case law decided later than 1977.

4.  Johnson's due process rights were violated when evidence based on an improperly-taken DNA sample and an unreliable DNA test was admitted against him.

5.  Johnson's due process rights were violated when an improper jury instruction regarding reasonable doubt was given at trial.

4

6. Johnson's due process rights were violated when an improper jury instruction regarding circumstantial evidence was given at trial.

7. Johnson's right to effective assistance of counsel was violated when his court-appointed trial counsel failed to procure appropriate experts and failed to properly cross-examine witnesses at trial.

8. Johnson's right to effective assistance of counsel was violated when his court-appointed appellate counsel failed to timely file a direct appeal to the Supreme Court of Virginia.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need not address the merits of Johnson's habeas corpus petition because the Court FINDS that Claims One, Two, and Eight of the petition present claims which are not eligible for habeas relief, and Claims Three through Seven are barred by the statute of limitations.

As a preliminary matter, the Court notes that Johnson's Response to the Warden's Motion to Dismiss states that "an evidentiary hearing is necessary in order to demonstrate the facts in [t]his case." ECF No. 21, at 3. The Court construes this statement as a Motion for an Evidentiary Hearing. The Court has considered this request, and has determined that an evidentiary hearing is not necessary here. The case presents

purely legal issues, and these issues can be adequately resolved by the record before the Court. See Rule 8(c) of the Rules Governing Section 2254 Cases.

## A. Claims One, Two, and Eight Do Not Allege Any Constitutional Injury

Under 28 U.S.C. § 2254(a), this Court may grant habeas relief only if the prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." Lawrence v. Branker, 517 F.3d 700, 706 (4th Cir. 2008). This Court may not consider any claim which does not allege the violation of a federal right. Id. Johnson's First, Second, and Eighth claims do not implicate rights granted by the United States, and thus are not properly before this Court.

### 1. A Prisoner Has No Right to Post-Conviction Review

Johnson's First and Second Claims allege that the Supreme Court of Virginia improperly dismissed his first and third state petitions for habeas corpus. However, the Supreme Court of the United States has explicitly stated that a prisoner has no constitutional right to state post-conviction review. Pennsylvania v. Finley, 481 U.S. 551, 557 (1987). Because of this, state post-conviction proceedings are not reviewable by federal courts in habeas corpus proceedings. Lawrence, 517 F.3d at 717 ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal

6

habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not [on] the detention itself.")

This court therefore need not consider whether the Supreme Court of Virginia's application of Va. Code §§ 8.01-654(a)(2) and (b)(2) to bar Johnson's habeas petitions was in violation of the ex post facto clause of the Constitution, because 28 U.S.C. § 2254 does not authorize this Court or any other federal court to remedy such a violation.   The alleged error was in a "proceeding collateral to detention and not [in] the detention itself." Lawrence, 517 F.3d at 717.   The Court therefore RECOMMENDS that Claims One and Two should be DISMISSED WITH PREJUDICE.

## 2. A Defendant Has No Right to Counsel at Discretionary Appeals

Johnson's Eighth Claim alleges that his appellate counsel failed to file a direct appeal on time.   Johnson's direct appeal to the Virginia Court of Appeals was timely filed by his court-appointed attorney. Commonwealth, No. 2894-06-2.   The Court therefore construes Claim Eight as alleging that Johnson wanted to further appeal his conviction to the Supreme Court of

Virginia, pursuant to Va. Code § 17.1-411 and Va. Sup. Ct. R. 5:17(a)(2), and that his court-appointed attorney did not do so.[3]

The Sixth Amendment guarantees a defendant's right to counsel at his first appeal as of right from a criminal conviction. Douglas v. California, 372 U.S. 353, 356 (1963). However, a defendant has no right to counsel at a discretionary appeal. Ross v. Moffitt, 417 U.S. 600, 612 (1974). In a proceeding at which a defendant has no right to counsel, the defendant cannot allege ineffective assistance of counsel. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam). Therefore, counsel's failure to timely file a discretionary appeal cannot violate a defendant's constitutional rights, and is not grounds for habeas relief. Id.; Branch v. Murray, No. 94-6432, 1994 U.S. App. LEXIS 36528, at *6 (4th Cir. Dec. 28, 1994); Coleman v. Thompson, 895 F.2d 139, 143 (4th Cir. 1990), aff'd 501 U.S. 722 (1991).

With certain exceptions not relevant here, any party may petition the Supreme Court of Virginia for leave to appeal. Va. Code § 17.1-411. However, the court grants such appeals solely at its discretion. Id.; Branch, 1994 U.S. App. LEXIS 36528, at *6. Johnson therefore had no right to counsel when appealing to the Supreme Court of Virginia. Wainwright, 455 U.S. at 587-88.

---

[3] Johnson has not stated whether he asked his attorney to file such an appeal, or expected him to act on his own initiative.

Because Johnson had no right to counsel when appealing to the Supreme Court of Virginia, counsel's failure to file such an appeal cannot be the basis for a writ of habeas corpus. Branch, 1994 U.S. App. LEXIS 36528, at *6; Coleman, 895 F.2d at 143. The Court therefore recommends that Claim Eight should be DISMISSED WITH PREJUDICE.

## B. Claims Three Through Seven Are Barred by the AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), establishes a one-year statute of limitations for the filing of federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. The statute prescribes how the one-year limitation period is calculated, including the date on which the limitation period begins:

> The [1-year] limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the
claim or claims presented could have been discovered
through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).   However, "the time during which a
properly filed application for State post-conviction or other
collateral review with respect to the pertinent judgment or
claim is pending shall not be counted toward any period of
limitation []." 28 U.S.C. § 2244(d)(2).

1.  **The Petition was Filed More Than One Year After the AEDPA
     Statute of Limitations Began to Run**

Ordinarily, the limitation period for filing a federal
habeas corpus petition commences when the petitioner's
conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A).[4]   The
Court will assume, without deciding, that Johnson's conviction
became final on August 23, 2007, when the Henrico County Circuit
Court reaffirmed his conviction following the rulings of the
Virginia Court of Appeals.[5]   The Court will further assume,

---

[4] 28 U.S.C. § 2244(d)(1)(D) could conceivably apply, but the
violations Johnson alleges all occurred at his trial or during
appeal, and the relevant 28 U.S.C. § 2244(d)(1)(D) inquiry is
"when the petitioner knows, or through due diligence could have
been discovered, the factual predicate for a potential claim,
not when he recognizes their legal significance." McKinney v.
Ray, No. 3:07-cv-266, 2008 U.S. Dist. LEXIS 18703, at *6 (E.D.
Va. Mar. 11, 2008).   Johnson does not allege that he was unaware
of what occurred at his own trial and on appeal.

[5] The conviction may in fact have become final on May 14,
2007, when a three-judge panel of the Court of Appeals affirmed
his conviction. The Court will apply the later date, because
Johnson's petition is untimely either way.

without deciding, that Johnson had six months from that date to file an appeal with the Supreme Court of Virginia, pursuant to Va. Code § 19.2-321.2.[6]   As Johnson filed no such appeal, his

---

[6] Ordinarily, an appeal to the Supreme Court of Virginia must be filed within thirty days of the entry of the judgment to be appealed. Va. S. Ct. R. 5:17(a)(2); Dean v. Johnson, No. 2:07-cv-320, 2007 U.S. Dist. LEXIS 99160, at *13 (E.D. Va. Nov. 1, 2007). Va. Code § 19.2-321.2 allows an appeal to the Supreme Court of Virginia to be filed up to six months after the judgment to be appealed is entered, when the failure to timely appeal is "due to the error, neglect, or fault of counsel representing the appellant." Johnson's only evidence that this section applies is a letter dated January 23, 2008, from his court-appointed appellate counsel admitting an unspecified error and suggesting Johnson file a delayed appeal to the Supreme Court of Virginia. ECF No. 21, Attach. 1.   The letter, which Johnson did not submit to the Court until he filed his Response to the Warden's Motion to Dismiss, reads in its entirety as follows:

> I received your letter on January 17th. I looked at my file and could not find any opinion/Order by the three Judge panel that I had argued before. I called the prosecutor to see if he had gotten an Order and he referred me to the secretary that handles the appeals.
>
> Due to their four day weekend holiday I could not meet with her until yesterday morning. She produced what I enclose to you - the May 25, 2007 Order of the three Judge panel affirming the earlier Order entered on March 14, 2007.
>
> I came back to my office and went through your file for a third time and it was not there.
>
> I should have been alerted to the situation because I had received an Order from Judge Harris, copy enclosed, entered August 23, 2007.
>
> The question is now whether you can proceed on the delayed appeal to the Supreme Court Statute, enclosed is § 19.2-321.2, or is your remedy under habeas corpus.

sentence became final no later than February 23, 2008, and the AEDPA statute of limitations began to run on that date. Unless tolling applied, Johnson was required to file any federal habeas petition regarding these claims within one year, by February 23, 2009. 28 U.S.C. § 2244(d)(1). This petition was filed on December 1, 2010, almost two years late. Claims Three through Seven are therefore untimely, unless the statute of limitations was tolled.

## 2. Any Statutory Tolling Was Insufficient

The AEDPA statute of limitations does not run while a properly-filed application for state post-conviction review is pending. 28 U.S.C. § 2244(d)(2). Johnson filed three separate

---

I believe in either case you will get your appeal to the Supreme Court. The delayed appeal route is easier and faster - the habeas slower and more cumbersome.

The question under § 19.2-321.2 with the 6 month limitation is when does the Court of Appeals judgment become "final" - by their Order 5/25/07 or by Judge Harris' 8/23/07. If the latter you are eligible for the delayed appeal. If not you must do the habeas corpus route.

I am sorry for my error.

While nothing in this letter conclusively shows that Johnson was entitled to file a delayed appeal, the Court will assume the statute of limitations began only after the six-month delayed appeal period, because the petition is nonetheless time-barred. The Court further notes that Johnson did not file a belated appeal after he received this letter and failed to file a habeas petition with the Virginia Supreme Court until nearly a year after this letter was written.

applications for state post-conviction review. His first petition, to the Supreme Court of Virginia, was executed on January 22, 2009, and denied on April 16, 2009. His second petition, to the Henrico County Circuit Court, was executed on December 23, 2009, and denied on June 7, 2010. His third petition, again to the Supreme Court of Virginia, was executed on June 26, 2010, and denied on November 3, 2010.

Because Johnson had until February 23, 2009, to file a federal habeas petition, his January 22, 2009, petition for habeas corpus to the Supreme Court of Virginia may have tolled the statute of limitations with approximately one month remaining.[7] However, the statute of limitations began to run again when the petition was denied on April 16, 2009, and therefore expired on or about May 18, 2009. Johnson's second state habeas petition was not executed until December 23, 2009, more than seven months later. Johnson's third state habeas petition was not executed until June 26, 2010. Therefore,

---

[7] The Court does not reach the question of whether Johnson's first state petition was "properly filed" within the meaning of the AEDPA because the instant petition is untimely even with the benefit of this statutory tolling. But see Wallace v. Jarvis, 726 F. Supp. 2d 642, 644-45 (W.D. Va. 2010) (noting that untimely state petitions for habeas corpus do not toll the AEDPA statute of limitations) (citing Pace v. DiGuglielmo, 544 U.S. 408 (2005)). It should be recognized that the Virginia Supreme Court denied Johnson's first state petition as untimely under Va. Code § 8.01-654(a)(2). Johnson was required to file his state habeas petition within two years from the entry of final judgment by the trial court or one year after the final disposition of his direct appeal whichever was later.

neither the second or third state petition could have served to toll the AEDPA statute of limitations. The instant petition is therefore untimely, even if Johnson is given the benefit of all possible statutory tolling.

### 3. Equitable Tolling Does Not Apply

In addition to the statutory tolling provided for in 28 U.S.C. § 2244(d)(2), the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). Equitable tolling is appropriate "in those 'rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S.Ct. at 2562 (internal quotes omitted); Green, 515 F.3d at 304 (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)). Johnson bears the burden of showing that extraordinary circumstances were present. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

While Claim Eight from the petition is not eligible for habeas relief, the Court will consider whether the allegations made under Claim Eight could conceivably justify equitable tolling if Johnson's counsel's failure to file an appeal presented an extraordinary obstacle to Johnson's timely filing a habeas petition.   However, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Holland, 130 S.Ct. at 2564 (internal quotes omitted).   Further, "an attorney could compute the deadline correctly but forget to file the habeas petition on time, mail the petition to the wrong address, or fail to do the requisite research to determine the applicable deadline. In any case, however, counsel's error would be constructively attributable to the client." Id. at 2567.   In order to merit equitable tolling, an attorney's gross negligence ought to approach the level of egregiousness described in Holland itself:

> Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

130 S.Ct. at 2564.

In the instant case, Johnson makes no allegation other than that his attorney failed to file a direct appeal with the Supreme Court of Virginia.[8] Without a factual showing by Johnson that his rights have been prejudiced by the actions of his appellate counsel, this Court cannot find that his counsel's actions constituted "extraordinary circumstances" sufficient to justify equitable tolling.

Further, even if this Court were to assume, _arguendo_, that Johnson's counsel engaged in egregious conduct not in the record, Johnson still retained the obligation to "pursu[e] his rights diligently." _Id._ at 2562. In _Holland_, "the _very day_ that Holland discovered that his AEDPA clock had expired due to [his attorney]'s failings, Holland prepared his own habeas petition _pro se_ and promptly filed it with the District Court." _Id._ at 2565 (emphasis in original). Here, Johnson received a letter from counsel on January 23, 2008, which Johnson claims admits a failure to file an appeal. Johnson did not react by filing an immediate petition to a Virginia court;[9] in fact, he waited a

---

[8] Other than the letter from his attorney admitting some unspecified error, Johnson has provided no evidence that this actually happened. ECF No. 21, Attach. 1.

[9] Because Johnson had an avenue for redress through the Virginia courts still available at that point, he would not yet

full year to take further action, filing his first petition for habeas corpus on January 22, 2009. The Court does not find that Johnson has proven that he pursued his rights diligently, and therefore the Court declines to equitably toll the AEDPA statute of limitations.[10]

### 4. The AEDPA Statute of Limitations May Constitutionally Be Applied to this Petition

Johnson argues that expiration of the AEDPA statute of limitations notwithstanding, his petition is not time-barred because the AEDPA was not enacted until 1996, and his crime was committed in 1977. ECF No. 1, at 32. Johnson argues that to bar his petition would therefore be an unconstitutional ex post facto application of the AEDPA. Id. at 32-33.

A prisoner is not entitled to be tried by the procedures in place when he committed his crime, and changes in criminal procedure generally do not implicate the ex post facto clause of the Constitution. Dobbert v. Florida, 432 U.S. 282, 293 (1977). The Supreme Court has noted that "the constitutional prohibition on ex post facto laws applies only to penal statutes which disadvantage the offender affected by them." Collins v.

---

have been eligible to bring a federal habeas claim. 28 U.S.C. § 2254(b)-(c).

[10] Even if equitable tolling applied, the most it could do would be to toll the statute of limitations until Johnson learned of his attorney's error on January 23, 2008. The Court already assumes that the statute of limitations did not begin to run until February 23, 2008.

Youngblood, 497 U.S. 37, 41 (1990).   More specifically, an act is unconstitutional under the ex post facto clause if it "punish[es] as a crime an act previously committed, which was innocent when done; [] make[s] more burdensome the punishment for a crime, after its commission; []or deprive[s] one charged with crime of any defense available according to law at the time when the act was committed." Id. at 52.

None of these categories apply to Johnson's case.   First degree murder was illegal in 1977.   The AEDPA did not increase the punishment to which he was subject.   Nor did the AEDPA eliminate any defense that Johnson might have claimed in 1977. If Johnson's rights were violated by the state, the AEDPA did not prohibit him from timely petitioning this Court for a writ of habeas corpus.   He simply failed to do so. Accord United States v. Agubata, No. MJG-94-0037, 1998 U.S. Dist. LEXIS 22127, at *8-9 (D. Md. July 9, 1998); Thomas v. Straub, 10 F. Supp. 2d 834, 836-37 (E.D. Mich. 1998); Griffin v. Endicott, 932 F. Supp. 231, 232 (E.D. Wis. 1996) (all applying 28 U.S.C. § 2244(d) to pre-1994 crimes).

The Court finds that application of the AEDPA statute of limitations to pre-AEDPA crimes is consistent with the ex post facto clause of the Constitution.   This Court therefore recommends that Claims Three through Seven should be DISMISSED WITH PREJUDICE.

### III. **RECOMMENDATION**

For the foregoing reasons, the Court, having found that Claims One, Two, and Eight of the instant petition are not eligible for habeas relief, and that Claims Three through Seven were not timely filed, RECOMMENDS that Johnson's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED, and that all of Johnson's claims be DISMISSED WITH PREJUDICE.

Johnson failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2233(c)(2). Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

### IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may

respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
August 19, 2011

20

### Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

Benjamin R. Johnson
1084315
Augusta Correctional Center
1821 Estaline Valley Road
Craigsville, VA 24430

Robert Homer Anderson, III, Esq.
Office of the Attorney General
900 E Main St
Richmond, VA 23219
COUNSEL FOR RESPONDENT

Fernando Galindo,

Clerk of Court

By: _____
Deputy Clerk

_August 19_, 2011