FILED

DEC - 1 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

BENJAMIN R. JOHNSON,

    Petitioner,

v.                                        Case No.: 2:11cv24

DANIEL A. BRAXTON, Warden,

    Respondent.

**FINAL ORDER**

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to the petitioner's conviction in the Circuit Court of Henrico County, Virginia, for first-degree murder, as a result of which he was sentenced to serve a term of life in prison.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on August 19, 2011, recommending that the petition be denied and dismissed with prejudice. ECF No. 23. By copy of the report, each party was advised of his right to file written objections to the findings

and recommendations made by the magistrate judge. On November 9, 2011, the Court received and filed the petitioner's written objections.[1] ECF No. 28. The respondent filed no response to the petitioner's objections.

First, the petitioner responds to the magistrate judge's finding that Claims Three through Seven are barred by the AEDPA statute of limitations. The petitioner argues that the AEDPA statute of limitations cannot be retroactively applied to his claims because the AEDPA was not enacted until 1996, nearly two

---

[1] On September 8, 2011, the Court granted the petitioner's request for an extension of time, directing that the petitioner's written objections be filed no later than September 30, 2011. ECF No. 25. On October 3, 2011, the Court received a document from the petitioner, postmarked September 30, 2011, and styled "Notice of Appeal." ECF No. 27. On October 17, 2011, in light of the petitioner's pro se status and the draconian result of construing the document as a notice of appeal in the absence of any written objections to the magistrate judge's report, the Court construed this document instead as a second request for an extension of time and directed that the petitioner's written objections be filed within 21 days. ECF No. 26. On November 9, 2011, the Court received a document from the petitioner dated November 6, 2011, and styled "Application for Certificate of Appealability," which the Court now construes to be the petitioner's written objections to the magistrate judge's report. ECF No. 28.
The Court notes that the petitioner's objections were received and filed two days late on November 9, 2011. See generally Fed. R. Civ. P. 6(a). The petitioner failed to effectively invoke the prison mailbox rule by including a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement that his written objections were deposited in the prison mail system on or before November 7, 2011, so his written objections were untimely filed. See R. 3(d) foll. 28 U.S.C. § 2254. The Court nevertheless will exercise its discretion and consider the petitioner's objections on their merits.

decades after the 1977 crime for which he was ultimately convicted in 2006. But the AEDPA limitation period is a procedural rule; its enactment did not change the substantive rights, liabilities or duties of the petitioner. See Brown v. Angelone, 150 F.3d 370, 373 (4th Cir. 1998); see also Long v. Wilson, 393 F.3d 390, 404 (3d Cir. 2004) (characterizing the AEDPA statute of limitations as a "procedural habeas issue[]"). Ordinarily, a procedural statute of limitations such as that imposed by the AEDPA is applied even if the conduct giving rise to suit precedes its enactment, provided the new limitation period does not "wholly eliminate claims for substantive rights or remedial actions considered timely under the old law." See Brown, 150 F.3d at 373 (emphasis in original). Although the crime for which the petitioner was convicted occurred in 1976, the operative conduct giving rise to this habeas petition is not the underlying criminal act, but rather the judgment of conviction entered against him in 2006 and which became final in 2007, well after enactment of the AEDPA statute of limitations. Johnson's claims were not "wholly eliminated" by the application of the AEDPA statute of limitations; he simply failed to pursue his federal habeas claims within the applicable limitations period. In any event, it is well established that this statute of limitations may be applied retroactively even to convictions

that predated the 1996 enactment of the AEDPA. See id. at 374; Hernandez v. Caldwell, 225 F.3d 435, 437-38 (4th Cir. 2000). Accordingly, the petitioner's objection with respect to the magistrate judge's finding that his Claims Three through Seven are time-barred is OVERRULED.

The remainder of the petitioner's written objections simply reiterate facts and arguments on the merits of his claims, all of which are either noncognizable on federal habeas review or time-barred by the applicable statute of limitations. Accordingly, the petitioner's remaining objections are OVERRULED.

The Court, having reviewed the record, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on August 19, 2011 (ECF No. 23), and it is, therefore, ORDERED that the respondent's motion to dismiss (ECF No. 15) be GRANTED and that the petition be DENIED AND DISMISSED WITH PREJUDICE for the reasons stated in the report. It is further ORDERED that judgment be entered in favor of the respondent.

The petitioner may appeal from the judgment entered pursuant to this final order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days

from the date of entry of such judgment. The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, the Court declines to issue a certificate of appealability. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to the petitioner and to counsel of record for the respondent.

/s/
Raymond A. Jackson
United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

November 30, 2011